# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT 1849 C Street NW Washington, D.C. 20240<br><br>*Defendant.* | CIVIL ACTION NO. 24-863<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Bureau of Land Management ("BLM") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. On October 3, 2023, PEER submitted a FOIA request seeking records related to recreational shooting ranges sent from BLM State Offices to BLM Headquarters.

3. To date, Defendant has failed to produce any records in response to Plaintiff's October 3, 2023, FOIA request, No. DOI-BLM-2024-000010.

4. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

6. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

7. This Court is a proper venue because Defendant is a government agent that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agent, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

8. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

9. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, and Massachusetts.

10. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues.  PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.  PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the *PEEReview* newsletter.

11. Defendant, BLM, is an agency of the United States Department of the Interior ("DOI") and an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

12. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.  Defendant's refusal to provide PEER with the records requested or make a final determination on PEER's FOIA request within twenty working days of the date of the requests' submissions is a violation of the FOIA.

## STATEMENT OF FACTS

13. On October 3, 2023, PEER requested records related to BLM's recreational shooting ranges. Specifically, PEER requested:

    a. Any records or lists regarding names, locations, and identifying features of unofficial and official recreational shooting ranges sent from BLM State Offices and Field Offices to BLM Headquarters since January 1, 2020.

    b. Any associated documents, emails, texts, instant messages, electronic chats, memos, notes, letters, reports, or any other records.

14. The same day it was submitted, this FOIA request was assigned Submission ID: 885331.

15. On January 4, 2023, PEER contacted BLM's FOIA Office and the DOI Public Liaison Office to request a status update.

16. On January 16, 2023, the DOI Public Liaison Office requested that the agency provide PEER with a status update on Submission 885331, which was assigned the FOIA request No. DOI-BLM-2024-000010.

17. Since the request was submitted, PEER has yet to receive any responsive records or a final determination on DOI-BLM-2024-000010.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

18. Plaintiff incorporates the allegations in the preceding paragraphs.

19. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government," and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

20. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).

Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

21. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).

22. Twenty working days from October 3, 2023 (the date of PEER's request) was October 31, 2023. With an additional ten working days for "unusual circumstances," the date was November 14, 2023. As of the date of this filing, Plaintiff has not received any records responsive to its October 3, 2023, FOIA request, nor any further word from Defendant.

23. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

24. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on March 26, 2024,

__/s/  *Colleen Teubner*__
Colleen E. Teubner, DC Bar # 90003410

Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
cteubner@peer.org

*Attorney for Plaintiff*